UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**SABRINA N. SMITH**  CASE NO. _____

**VERSUS**

**COMMUNITY HEALTH CARE
SOULUTIONS, LLC AND
YOLANDA BURNOM**

## COMPLAINT

This is an overtime action brought by Sabrina N. Smith ("Ms. Smith"), a current employee of Defendants under the Fair Labor Standards Act.

### *Defendants*

1.

Made Defendants herein and liable unto Ms. Smith are the following:

- Community Health Care Solutions, LLC, a Louisiana limited liability company with its domiciliary address located at 2800 Youree Drive, Suite 482, Shreveport, LA 71104; and

- Yolanda Burnom, a person of the full age of majority residing in Shreveport, LA.

### *Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the Plaintiff files this action pursuant to the Fair Labor Standards Act (29 U.S.C. §201, *et seq.*) ("FLSA").

3.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants reside in Shreveport, Louisiana.

*Violations of the FLSA*

4.

Ms. Smith first began her employment with Defendants in March of 2018. Ms. Smith is currently employed by Defendants.

5.

At the beginning of Ms. Smith's employment with Defendants, she, along with all other similar situated workers, was classified as an independent contractor; however, in or about May of 2020, Defendants reclassified Ms. Smith and all other similar classified workers as employees. On information and belief, the reclassification of the workers was done in an effort to obtain funds from the United States government under the Payroll Protection Program. A few months later, many of the workers were shifted back to an independent contractor status.

6.

The Defendants' classification of Ms. Smith as an independent contractor was wrong and intentional in an effort to avoid their obligations under the FLSA. Ms. Smith is entitled to overtime wages from the beginning of her relationship with Defendants until present.

7.

In March of 2018, Ms. Smith received a wage of $15.00 per hour, and after a few weeks received a raise to $16.00 per hour. In 2019, Ms. Smith received a raise to $17.00 per hour. Ms. Smith currently earns a wage of $18.00 per hour.

8.

Defendants controlled and directed the daily activities of Ms. Smith.

9.

During the time period relevant to this lawsuit, Ms. Smith's primary job duties were to visit with clients to assess their needs for additional mental health evaluations or services. Upon information and belief, Defendants billed Medicaid for Ms. Smith's labor.

10.

Plaintiff was a non-exempt employee of Defendants because she received an hourly wage.

11.

Despite working significantly more hours than 40 hours in a workweek, at no point during Plaintiff's employment did Defendants pay Plaintiff any overtime compensation whatsoever.

12.

Defendants controlled the terms and conditions of Ms. Smith's employment by exercising control over her rate of pay, job duties, schedule, and employment policies. At times, Ms. Smith was required to attend and participate in community holiday events such as Halloween and Christmas events hosted by Defendants.

13.

From time-to-time during Ms. Smith's employment with Defendants, she would be "written up" for discipline for alleged minor violations of the company's internal policies such as submitting documentation late.

14.

At all times relevant herein, Defendant Community Health Care Solutions, LLC was a manger managed Louisiana limited liability company. Defendant Yolanda Burnom is the sole managing member of Community Health Care Solutions, LLC. Yolanda Burnom also had the

authority to control the terms of Ms. Smith's employment. Yolanda Burnom would routinely establish Ms. Smith's work schedule, job duties, and rate of pay. Yolanda Burnom was the individual that originally hired.

15.

Yolanda Burnom established all of the company policies, including but not limited to; (a) the policy to classify Ms. Smith and other similar situated workers as independent contractors; (b) policies regarding discipline of workers; and (c) policies regarding interactions with clients. Additionally, Yolanda Burnom established the policy for Community Health Care Solutions, LLC not to pay overtime wages to Ms. Smith.

16.

All named Defendants are Ms. Smith's "employer" within the meaning of the FLSA, 29 U.S.C. §203(d). All named Defendants (1) controlled Ms. Smith's method and manner of work; (2) controlled the schedule for when Ms. Smith would work; (3) jointly maintained Ms. Smith's employment records; and (4) had a significantly larger investment relative to Ms. Smith.

17.

Under the FLSA, Ms. Smith is entitled to payment of additional wages at the rate of one and one-half times the rate of her regular pay for all hours worked in excess of forty hours per week throughout the duration of her employment.

18.

Community Health Care Solutions, LLC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. §203(r)(1), and are an enterprise engaged in commerce or in the production of good for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1). Specifically, Community Health Care Solutions, LLC is in the business of providing mental health care services

to patients and billing Medicaid for said services. Community Health Care Solutions, LLC uses computer systems to perform a significant portion of its services via telemedicine.

19.

On information and belief, Defendant Community Health Care Solutions, LLC has had annual revenue that exceeds $500,000.00 for all years relevant to this matter.

20.

Defendants have willfully and knowingly refused to pay overtime compensation to Ms. Smith for hours worked in excess of 40 hours in a workweek in an attempt to extract a higher profit margin for Defendants. Accordingly, Ms. Smith is entitled to recover three years of overtime wages owed from the date of the filing of this Complaint.

21.

Defendants' failure to pay Ms. Smith overtime compensation was unreasonable and lacked good faith, and as such, Defendants are liable to Ms. Smith for the unpaid overtime compensation, liquidated damages, and reasonable attorney's fees and costs.

**WHEREFORE,** Plaintiff prays that there be service and citation upon Defendants, and that after all legal delays and proceedings that there be a judgment rendered in favor of Plaintiff and against Defendants, *in solido*, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding. Plaintiff also prays for any and all other relief to which she may be entitled at law or in equity.

Respectfully Submitted:

/s/ *James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
Brian F. Blackwell, Bar Roll No. 18119
*Blackwell & Bullman, LLC*
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
Email: james@blackwell-bullman.com
*Attorneys for Plaintiff*


AND

BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
By: /s/ Scott E. Brady
Philip Bohrer, Bar Roll No. 14089
phil@bohrerbrady.com
Scott E. Brady, Bar Roll No. 24976
scott@bohrerbrady.com
*Attorneys for Plaintiff*